JAMES S. QUINLEY, Executor, *vs.* TIMOTHY G. ATKINS.

A deposition taken in another state by a magistrate, whose certificate states that the deponent swore to the truth of the deposition, is admissible in evidence, though the certificate does not state that the deponent was sworn previously to his examination.

Proof that written notice was given of the filing of interrogatories may be made without giving notice to produce said written notice.

ACTION OF CONTRACT for work and labor.   At the trial in the court of common pleas, the plaintiff offered in evidence a deposition taken in New Hampshire under a commission, to the admissibility of which the defendant made two objections.

1st. The only statement in the caption of the swearing of the witness was, that on the day appointed for taking the deposition

Quinley, Executor, *v.* Atkins.

he appeared before the magistrate, " and made solemn oath that the within deposition, by him subscribed, contains the truth, the whole truth, and nothing but the truth, relative to the cause for which it was taken." The defendant objected to the sufficiency of the caption, on the ground that it did not appear that the deponent was sworn before he answered.

2d. The plaintiff, in order to show that he duly gave notice to the defendant of the filing of the interrogatories before taking out the commission, introduced a witness who testified that he sent a written notice to the then attorney for the defendant, since deceased. At this point, the defendant objected to the witness stating the contents of the notice. The witness then further stated that he had no copy of the notice. The defendant still objected to the witness stating the contents of the notice, on the ground that it was incompetent; and that, if competent in any event, it was not competent till after notice to produce said written notice had been first given to the defendant.

But *Briggs*, J. admitted the witness to testify as to the contents of said notice; and ruled that the caption was sufficient, and that the deposition was admissible. To these rulings, after verdict for the plaintiff, the defendant excepted.

*C. I. Reed*, for the defendant.

*E. H. Bennett*, for the plaintiff.

Metcalf, J. There is no legal ground for these exceptions. The objection to the admissibility of the deposition must be overruled, on the authority of *Amherst Bank* v. *Root*, 2 Met. 522, which case cannot be distinguished from this. And the objection to the proof of the notice that was given of the filing of interrogatories must also be overruled. When an instrument to be proved is itself a notice, it may be proved without giving notice to produce it. So said Mr. Justice Bayley, in the case of *Colling* v. *Treweek*, 9 D. & R. 460, and 6 B. & C. 398, and so say the treatises on evidence. 2 Phil. Ev. (6th Amer. ed.) 225. 1 Greenl. Ev. § 561. 2 Stark. Ev. (4th Amer. ed.) 974. See also *Swaine* v. *Lewis*, 5 Tyrw. 998, and 2 Cr., M. & R. 261.

*Exceptions overruled.*